

MAY 0 3 2018

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| CHARLES HENRY PINNER,<br><br>Petitioner,<br><br>vs.<br><br>TIMOTHY FOX, JOEL THOMPSON, DANIEL GUZYNSKI, DAVID CYBULSKI, THE FIFTEENTH JUDICAL DISTRICT COURT, RALPH PATCH, et. al.,<br><br>Respondents. | Cause No. CV-18-18-GF-BMM-JCL<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Charles Henry Pinner filed a Motion for Leave to Proceed in Forma Pauperis (Doc. 1) and a proposed Complaint alleging irregularities in his state criminal proceedings.[1] (Doc. 2). The motion to proceed in forma pauperis will be granted but the Complaint fails to state a claim upon which relief may be granted and should be dismissed.

## I.    Motion To Proceed In Forma Pauperis

Pinner filed his motion to proceed in forma pauperis and submitted an

---

[1] Although not identical, Pinner's complaint is very similar in structure and content to the complaints filed in the following matters: *Archer v. Fox et. al.,* CV-17-108-GF; *Chambers v. Fox et. al.,* CV-17-116-GF; *Doyle v. Fox et. al.,* CV-17-118; and, *Smith v. Fox et. al.,* CV-17-119-GF. Magistrate Judge John Johnston recommended that each of these complaints be dismissed pursuant to *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). *See,* Findings and Recommendations entered in respective cases on May 2, 2018.

1

account statement sufficient to make the showing required by 28 U.S.C. §1915(a). (Docs. 1 &1-1).  The request to proceed in forma pauperis will be granted.

Because he is incarcerated, Pinner must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  Pinner submitted an account statement showing an inability to pay that fee; therefore, the initial partial filing fee is waived, and he may proceed with the case.  *See Bruce v. Samuels*, 136 S. Ct 627, 629 (2016)("the initial partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4)").  Pinner will be required to pay the fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account.  The percentage is set by statute and cannot be altered.  28 U.S.C. § 1915(b)(2).  Pinner must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed.  *Id.*  By separate order, the Court will direct the facility where Pinner is held to forward payments from his account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## II.    Initial Screening

Pinner is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A.  Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis

2

and/or by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is malicious if not pleaded in good faith. *Kinney v. Plymouth Rock Squab. Co.*, 236 U.S. 43, 46 (1915). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). In order to satisfy the requirements in Rule 8 a complaint's allegations must cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability,"

3

or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681.  A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679.  A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.  This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).  If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

4

III.   **Analysis**

A. **Factual Background**

Following a jury trial in Montana's Fifteenth Judicial District Court, Roosevelt County, Pinner was convicted of Sexual Intercourse without Consent and Aggravated Kidnapping in Cause No. DC-15-44.  (Doc. 1 at 2).[2]  Pinner has a direct appeal pending at the Montana Supreme Court, although his opening brief has not yet been filed.  *See State v. C. Pinner*, DA 17-0237, Or. (April 9, 2018) (granting Pinner's counsel an extension to May 23, 2018 to file Appellant's brief).[3]

In the instant matter Pinner complains that he was denied the "right to either a preliminary examination, or a non-perfunctory adversarial hearing comparable to a preliminary examination, prior to being indicted by information and prosecuted in the state district court in Cause No. DC-15-44, in the Montana Fifteenth Judicial District Court."  (Doc. 2 at 2).  Pinner contends that Montana Attorney General Tim Fox was aware that such unconstitutional practices were being utilized throughout the state and took no corrective action, in violation of Pinner's right to due process.  *Id.* at 2-3.  Pinner further asserts Joel Thompson and Daniel Guzynski, Assistant State Attorney Generals who prosecuted Pinner, had a duty to

---

[2] *See also* Montana Correctional Offender Network: https://app.mt.gov/conweb/Offender/3020134 (accessed April 25, 2018).

[3] *See generally* Montana Supreme Court Docket, https://supremecourtdocket.mt.gov (accessed April 25, 2018).

know that the "indictment by information process" utilized in Pinner's case was

invalid and failed to convey jurisdiction, resulting in void legal proceedings and

Pinner's ultimate imprisonment without being "duly convicted" in violation of the

Thirteenth Amendment of the United States Constitution and of the intent of the

Framers of Montana's Constitution. *Id.* at 3-4.

Pinner complains state District Court Judge David Cybulski knowingly

denied Pinner his constitutional right to either a preliminary examination or non-

perfunctory adversarial hearing, and instead himself made a determination of

probable cause, in violation of Montana's Constitution and the Thirteenth and

Fourteenth Amendments of the United States Constitution. *Id.* at 4-5.  Pinner

asserts Roosevelt County Attorney Ralph Patch, unjustly sought leave of the

district court to file an information against Pinner, foregoing a preliminary hearing

or comparable non-perfunctory hearing, in violation of: Article II, Section 20 of

the Montana Constitution; Pinner's right to due process under the Fourteenth

Amendment; and, in violation of the Thirteenth Amendment's protection against

imprisonment without having been "duly convicted." *Id.* at 5.  Pinner contends all

named defendants were acting under color of law.

In support of his claims, Pinner cites to Montana statutes (Doc. 2 at 6-9;

Doc. 2-4), Montana case law (Doc. 2 at 6-14; Doc. 2-6; Doc. 2-7), Notes from the

1889 Montana Constitutional Convention (Doc. 2 at 9-13; Doc. 5), Notes from the 1972 Constitutional Convention (Doc. 2 at 9-10; Doc. 2-3), as well as federal law.

Pinner asserts he has been falsely accused and imprisoned and requests this Court: declare the Defendants violated Pinner's constitutional rights; order Pinner be lawfully indicted under valid proceedings; grant a permanent injunction ordering the Defendants to strictly adhere to the intent of the Montana Constitutional Delegates and provide a "fair hearing" prior to a judge determining the existence of probable cause; and, order that a state judge, after acting in the accusatory information proceeding, recuse himself according to federal law and the United States Constitution. *Id.* at 15-16.

## B. Analysis

Pinner contends he was wrongfully convicted, following allegedly irregular and unconstitutional charging proceedings. But such a claim is barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state

7

> prisoner seeks damages in a § 1983 suit, the district court must
> consider whether a judgment in favor of the plaintiff would
> necessarily imply the invalidity of his conviction or sentence; if it
> would, the complaint must be dismissed unless the plaintiff can
> demonstrate that the conviction or sentence has already been
> invalidated.

512 U.S. at 486-87 (footnotes omitted).

The Ninth Circuit has likewise held, "[I]f a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." *Smith v. City of Hemet*, 394 F. 3d 689, 695 (9th Cir. 2005). "Consequently, 'the relevant question is whether success in a subsequent § 1983 suit would necessarily imply or demonstrate the invalidity of the earlier conviction or sentence.'" *Beets v. County of Los Angeles*, 669 F. 3d 1038, 1042 (9th Cir. 2012)(quoting *Heck*, 512 U.S. at 487).

The pending civil rights action seeking to undermine the convictions is barred unless and until Pinner's convictions are called into question. Were Pinner to prevail in this action, his criminal convictions would necessarily be called into question, which is prohibited by *Heck* until the convictions are overturned. 512 U.S. at 490.

## IV.  Conclusion

28 U.S.C. §§ 1915 and 1915A require the dismissal of a complaint that fails

to state a claim upon which relief may be granted but do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

Pinner has failed to state a claim upon which relief may be granted. This is a defect which could not be cured by amendment; leave to amend would be futile. This matter should be dismissed.

## "Strike" under 28 U.S.C. §1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or failure to state a claim. 28 U.S.C. §1915(g). Pinner has failed to state a claim upon which relief may be granted and his pleadings are frivolous and present an "obvious bar to securing relief." *Washington v. Los Angeles County Sheriff's Department*, 833

9

F.3d 1048, 1055 (9th Cir. 2016)(*quoting ASARCO, LLC v. Union Pac. R.R. Co.,*

765 F.3d 999, 1004 (9th Cir. 2014)).  The dismissal of this case should constitute a

strike under 28 U.S.C. §1915(g).

Based upon the foregoing, the Court issues the following:

## ORDER

1.  The Motion to Proceed in Forma Pauperis (Doc. 1) is GRANTED.

2.  The Clerk shall edit the text of the docket entry for the Complaint (Doc.

2) to remove the word "LODGED" and the Complaint is deemed filed on February

5, 2018.

Further the Court issues the following:

## RECOMMENDATIONS

1.  This matter should be dismissed.  The Clerk of Court should be directed

to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of

Civil Procedure.

2.  The Clerk of Court should be directed to have the docket reflect that the

Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate

Procedure that any appeal of this decision would not be taken in good faith.  The

record makes plain that the Complaint filed in this case is frivolous as it lacks

arguable substance in law or fact.

3.  The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).  Pinner failed to state a claim upon which relief may be granted and his pleadings present an "obvious bar to securing relief.

## NOTICE OF RIGHT TO OBJECT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pinner may file objections to these Findings and Recommendations within fourteen (14) days after service.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 3rd day of May, 2018.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

[1]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Pinner is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.