# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| CHARLES HENRY PINNER,<br><br>Plaintiff,<br><br>v.<br><br>TIMOTHY FOX, JOEL THOMPSON, DANIEL GUZYNSKI, DAVID CYBULSKI, THE FIFTEENTH JUDICIAL DISTRICT COURT, RALPH PATCH, et. al.,<br><br>Defendants. | CV-18-18-GF-BMM-JCL<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS** |

Plaintiff Charles Henry Pinner ("Pinner"), a state prisoner appearing pro se, proceeds in forma pauperis under 28 U.S.C. § 1915(a)(1). The Court must conduct a preliminary screening of the allegations set forth in the pleading as required under 28 U.S.C. § 1915(e)(2). Section 1915(e)(2) requires dismissal of the action if the allegations fail to state a claim upon which relief could be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Judge Lynch entered Findings and Recommendations in this matter on May 3, 2018. (Doc. 4.) Judge Lynch determined that Pinner's allegations in his Complaint proved insufficient to state a claim upon which relief could be granted. *Id.* Judge Lynch further determined that leave to amend the Complaint would be

futile. *Id.* No objection has been filed. When a party makes no objections, the Court need not review *de novo* the proposed Findings and Recommendations. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1986). The Court will review Judge Lynch's Findings and Recommendations, however, for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Machs. Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

Judge Lynch determined that the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), barred the civil rights allegations that Pinner raises in his Complaint. (Doc. 4 at 7.) Pinner contends that he was wrongfully convicted following irregular and unconstitutional charging practices. (Doc. 4 at 7.) The Supreme Court determined in *Heck* that "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal" in order to recover damages for allegedly unconstitutional conviction or imprisonment. 512 U.S. at 486-87.

Pinner has a direct appeal pending at the Montana Supreme Court that challenges his sexual intercourse without consent and aggravated kidnapping convictions. (Doc. 4 at 5.) Pinner has not yet filed his opening brief. *Id.* Pinner's pending civil rights action seeking to undermine his convictions will remain barred, unless and until, his convictions have been called into question. *Id.* at 8. Pinner has failed to state a claim upon which relief could be granted.

The Court has reviewed Judge Lynch's Findings and Recommendations for clear error. The Court finds no error, and adopts the Findings and Recommendations in full.

Accordingly, **IT IS ORDERED** that Magistrate Judge Lynch's Findings and Recommendations (Doc. 4) are **ADOPTED IN FULL**.

**IT IS ORDERED** that the Clerk shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**IT IS ORDERED** that the docket shall reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain that the Complaint is frivolous as it lacks arguable substance in law or fact.

**IT IS FURTHER ORDERED** that the docket shall reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Pinner failed to state a claim upon which relief may be granted and his pleadings present an "obvious bar to securing relief."

DATED this 20th day of June, 2018.

Brian Morris
United States District Court Judge

3